UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| BRENDA LAND,<br>　　Plaintiff | )<br>)<br>) | |
| v. | ) | No. 16-10034 |
| WAL-MART STORES, INC.,<br>　　Defendant | )<br>)<br>)<br>) | |

**ANSWER TO COMPLAINT AND JURY CLAIM**

The Defendant Wal-Mart Stores, Inc. ("Wal-Mart"), incorrectly named, hereby answers the allegations in the Complaint ("Complaint") of the Plaintiff Brenda Land ("Plaintiff") as follows:

1. Wal-Mart accepts the characterization of the Complaint, but denies any allegation that the Plaintiff was injured by a dangerous condition at its property.

2. Wal-Mart accepts that the Plaintiff has demanded a trial by jury.

3. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

4. Wal-Mart admits the allegations in this paragraph of the Complaint.

5. Wal-Mart denies the allegations in this paragraph of the Complaint. Further answering, Wal-Mart states that the retail store in Salem, Massachusetts, is operated by Wal-Mart Stores East, L.P.

6. Wal-Mart is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph of the Complaint.

7. Wal-Mart denies the allegations in this paragraph of the Complaint, and denies that there was any dangerous condition in the Salem store at the time of the Plaintiff's alleged accident.

8. Wal-Mart denies the allegations in this paragraph of the Complaint.

9. Wal-Mart denies the allegations in this paragraph of the Complaint.

10. Wal-Mart denies the allegations in this paragraph of the Complaint.

WHEREFORE, Wal-Mart demands that the Complaint be dismissed with prejudice, that judgment be entered for Wal-Mart on all claims against it, that costs be granted to it, and for any other relief deemed appropriate by this Court.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against Wal-Mart upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

If Wal-Mart was negligent, which Wal-Mart denies, Plaintiff is barred in whole or in part from recovery herein because any damage the Plaintiff may have suffered was directly and proximately caused by the Plaintiff's own negligence.

## THIRD AFFIRMATIVE DEFENSE

The Defendant, Wal-Mart, is misnamed.

## FOURTH AFFIRMATIVE DEFENSE

Any condition which may have contributed to the Plaintiff's injuries was open and obvious.

## DEMAND FOR JURY TRIAL

Wal-Mart hereby demands a trial by jury on all issues so triable.

Dated: January 11, 2016

WAL-MART STORES, INC.,
(incorrectly named),

By its attorneys,

GONZALEZ, SAGGIO & HARLAN, LLP

/s/ Kevin Hensley\_\_\_\_\_
Richard E. Quinby (BBO# 545641)
Richard_Quinby@gshllp.com
Kevin Hensley (BBO# 554824)
Kevin_Hensley@gshllp.com
Gonzalez, Saggio & Harlan, LLP
155 Federal Street
Suite 1202
Boston, MA 02110
Phone: (617) 449-6030
Fax: (617) 292-1869

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 11, 2016, including the attorney of record for the Plaintiff:

Brian W. Brady, Esq.
Brady & Brady
50 Congress Street, Suite 225
Boston, MA  02109

/s/ Kevin Hensley\_\_\_\_\_